**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| JONATHAN KAMENS, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>CAMBRIDGE MOTOR CAR COMPANY, LLC d/b/a CAMBRIDGE HONDA,<br><br>Defendant.<br>______________________________________/ | : | CIVIL ACTION FILE NO.<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff Jonathan Kamens ("Plaintiff") brings this action under the TCPA alleging that Cambridge Motor Car Company, LLC d/b/a Cambridge Honda ("Defendant") called the Plaintiff using a pre-recorded voice. The call was made without the call recipient's prior express written consent.

3. Because the call was transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal calling conduct and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## II. PARTIES

5. Plaintiff is a natural person who at all relevant times resided in Massachusetts.

6. Defendant is a limited liability company headquartered in Cambridge, Middlesex County, Massachusetts.

## III. JURISDICTION AND VENUE

7. Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. This Court has specific personal jurisdiction over Defendant because it directed its conduct into this district, including by calling persons, like Plaintiff who reside in this District.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because both Plaintiff and Defendant reside in this District and therefore a substantial portion of the telemarketing conduct at issue occurred in this District.

## IV. THE TELEPHONE CONSUMER PROTECTION ACT

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to

a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

12. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## V. FACTUAL ALLEGATIONS

15. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. Defendant sends pre-recorded message calls to cellular telephones.

18. Plaintiff's cellular telephone number is (617) XXX-XXXX and it is assigned to a cellular telephone service.

19. The Plaintiff's cellular telephone number was on the National Do Not Call Registry for more than 30 days prior to the contact sent to him.

20. Plaintiff has not consented to contact from Defendant.

21. Despite that, Defendant called Plaintiff on September 11, 2026 from caller ID (351) 300-0683 and left a prerecorded message.

22. The prerecorded message stated the following:

> Hi Timothy, Roger from Cambridge Honda. Reaching out because you're one of our customers and your car happens to be on a list of models we are looking to buy. If you're open to an instant cash offer on your car, give me a call at (351) 300-0683. Thanks.

23. The call was clearly and obviously made by a robotic and artificial voice because of the unusual and unnatural tenor, tone, pauses, and cadence.

24. The call was meant for Timothy, someone other than, and unknown to, Plaintiff.

25. Plaintiff was never a customer of Defendant's.

26. Subsequently, Plaintiff received a text message from "Roger" from that same number, informing Plaintiff of that same information, and asking whether Plaintiff was interested in a quote for his car.

27. In an effort to further confirm the identity of Defendant's company, Plaintiff called (351) 300-0683.

28. A voice answered and Plaintiff started the conversation by asking whether the voice was a real person or not.

29. The voice stated it was A.I.

30. Plaintiff never provided prior express written consent for this prerecorded call and had no reason to be contacted by Defendant in this manner.

31. The aforementioned call to Plaintiff was unwanted.

32. The call was a nonconsensual encounter.

33. Plaintiff's privacy has been violated by the above-described call.

34. Plaintiff never provided his consent or requested the call.

35. Plaintiff and the other call recipients were harmed by the calls. They were temporarily deprived of legitimate use of their phone because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

36. Moreover, the call injured Plaintiff because it was frustrating, obnoxious, annoying, and a nuisance and disturbed the solitude of Plaintiff and the class.

## VI. CLASS ACTION ALLEGATIONS

37. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

38. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone number (2) Defendant placed a call (3) within the four years prior to the filing of the Complaint (4) using a pre-recorded message.

39. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

40. The Plaintiff is a member of and will fairly and adequately represent and protect

the interests of the Class as he has no interests that conflict with any of the Class members.

41. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy.

42. This Class Action Complaint seeks injunctive relief and money damages.

43. The Class as defined above are identifiable through dialer records, other phone records, and phone number databases.

44. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

45. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

46. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

47. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the claims predominate over questions which may affect individual class members because of the uniformity of the telemarketing conduct.

48. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether Defendant systematically made pre-recorded telemarketing calls;

(b) whether the telemarketing calls at issue were made to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

49. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

50. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

51. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**COUNT I**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(b)(3)**
**(On Behalf of Plaintiff and the Pre-Recorded Call Class)**

52. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

53. The foregoing acts and omissions of the Defendant, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiffs and members of the Class delivering pre-recorded messages.

54. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and

members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

55. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

56. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment, as follows:

a) Certification of the proposed Class;

b) Appointment of Plaintiff as representative of the Class;

c) Appointment of the undersigned counsel as counsel for the Class;

d) A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

e) An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future;

f) An award to Plaintiff and the Class of damages, as allowed by law; and

g) Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VII. DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

RESPECTFULLY SUBMITTED AND DATED this September 24, 2026.

PLAINTIFF, on behalf of himself
and others similarly situated

By: */s/ Anthony I. Paronich*
Anthony I. Paronich, BBO No. 678437
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com